GREGORY J. CHARLES, ESQ. #208583
Law Offices of Gregory Charles
2131 The Alameda, Suite C-2
San Jose, CA 95126
P: 408.493.0363
F: 408.852.0233
greg@gregcharleslaw.com
Defendants

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SAN JOSE AIRPORT HOTEL, LLC, DBA HOLIDAY INN SAN JOSE, MOBEDSHAHI HOTEL GROUP,<br><br>DEBTORS. | Chapter 7<br><br>Case No. 09-51045-SLJ<br><br>(Jointly Administered with Case No. 09-51073-SLJ) |
| MOHAMED POONJA, CHAPTER 7 TRUSTEE FOR SAN JOSE AIRPORT HOTEL, LLC, DBA HOLIDAY INN SAN JOSE, DEBTOR, AND MOBEDSHAHI HOTEL GROUP, DEBTOR,<br><br>PLAINTIFFS,<br><br>VS.<br><br>SEVAK & SONS, L.P., A CALIFORNIA LIMITED PARTNERSHIP; CHANDRAKANT SHAH, AN INDIVIDUAL, AND MRUDULA C. SHAH, AN INDIVIDUAL<br><br>DEFENDANTS. | A.P. NO. 11-05236<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER SHORTENING TIME AND MOTION TO ENLARGE TIME TO APPEAL PURSUANT TO BANKRUPTCY LOCAL RULE 9006-1 AND BANKRUPTCY RULE 8002 |

I. INTRODUCTION

This matter is before the court on a motion by Defendant CHANDRAKANT SHAH ("Mr. Shah" or "Shah") seeking an order shortening time on a motion seeking additional time to file a notice of appeal pursuant to Fed. R. Bank. Pro. 8002(c)(2) and Bankruptcy Local Rule 9006-1 (Charles Dec., ¶2). This request is based upon the fact that counsel for Mr. Shah was incapable of filing the notice of appeal on Monday,

August 9, 2013 due to a medical emergency (Charles Dec., ¶3). Since the extension sought is a matter of days and a medical emergency did in fact exist, the motion is properly granted. Further, the matter is properly heard on an expedited basis.

## II. STATEMENT OF FACTS

The court entered judgment in this matter against Mr. Shah in an amount exceeding $11,000,000 on August 26, 2013. Therefore, a notice of appeal was due to be filed no later than Monday, September 9, 2013. Fed. R. Bank. Pro. 8002. Counsel for Mr. Shah intended to file a notice of appeal on that date but could not do so for the following reasons (Charles Dec., ¶4).

On Saturday, September 7 and Sunday, September 8, 2013, counsel for Mr. Shah became very ill. On Monday, September 9, 2013, counsel attempted to go to work. (Charles Dec., ¶5). Feeling increasingly ill, counsel stopped at San Jose Medical Group and sought medical care at the urgent care facility. (Charles Dec., ¶6-7). Given the condition of counsel, the treating physician at San Jose Medical Group ordered the transfer of Counsel to O'Connor Hospital via ambulance (Charles Dec., ¶8).

The emergency room physician, Brian Saavedra, M.D., ordered a CT scan and a chest X-ray. (Charles Dec., ¶9 & Ex. 1). Based upon those findings, Dr. Saavedra referred the matter to a neurologist, Dr. Raul Guisado. Dr. Guisado ordered additional tests including a contrast and non-contrast MRI (Charles Dec., ¶10 & Ex. 2).

Counsel remained in the emergency room until well after the close of business on Monday, September 9, 2013. The first day that counsel was able to work was Wednesday, September 11, 2013 (Charles Dec., ¶11).

On September 11, 2013, the undersigned contacted opposing counsel's office to meet and confer regarding an enlargement of time pursuant to bankruptcy local rule. 9006-1(c)(4). Opposing counsel was not in the office at that time. Given the severity of the circumstances, the undersigned filed the instant application (Charles Dec., ¶12).

## III. ARGUMENT

A notice of appeal must be filed within fourteen days after entry of the order. Fed. R. Bankr. P. 8002(a). The bankruptcy court has the authority to extend the time for filing a notice of appeal from most kinds of orders. Id. 8002(a)(1). The standard for granting the extension depends on when the motion is filed. Motions filed before the initial appeal period expires are usually granted. If the party files the extension motion within twenty one days after the initial appeal period expires, the movant must make "a showing of excusable neglect." Id. 8002(c)(2).

The Supreme Court instructs trial courts to take a flexible view of "excusable neglect."

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [party opposing the extension], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993) (footnotes omitted).

The Court rejected a *per se* rule that an attorney's mistake about the rules never constitutes "excusable neglect." "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute `excusable' neglect, it is clear that `excusable neglect' under Rule 6(b) is a somewhat `elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392 (footnotes omitted).

In the Ninth Circuit, four considerations are relevant.

(1) the danger of prejudice to the opposing party;

(2) the length of the delay and its potential impact on the proceedings;

(3) the reason for the delay; and

(4) whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1196-98 (9th Cir. 2009).

Here, delaying an appeal by a few days will cause no prejudice to the opposing

party. In the context of an entire appeal, a few days has no impact on the proceedings. The reasons for the delay are a well-documented medical emergency. Further, the good faith of the movant is demonstrated by the immediate filing of the instant application seeking an order shortening time.

Local rule 9006-1(c) governs enlargement or shortening of time and states.

> Any request to enlarge or shorten time may be made by stipulation or motion. Absent exigent circumstances, any motion shall be heard on at least 72 hours notice to the respondent. Any request, whether made by stipulation or motion, shall be accompanied by a declaration stating:
>
> (1) The reason for the particular enlargement or shortening of time requested;
>
> (2) Previous time modifications related to the subject of the request, whether by stipulation or Court order;
>
> (3) The effect of the requested time modification on the schedule for the case or proceeding; and
>
> (4) Where the request is not made by stipulation, the efforts made to speak with the respondent and, if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request.

Here, the accompanying declaration and exhibits state in particular the reason for enlargement of time. Further, the court is authorized by statute to extend time in the circumstances. There have been no other request for extension regarding the subject matter and adding a few days will not delay the appellate process in any manner. Finally, counsel telephoned Mr. Henner's office to discuss the relief sought, but he was not available (Charles Dec., ¶12).

Since the amount of delay is an issue in the court's evaluation, applicant properly seeks an order shortening time to obviate any claim of prejudice. Further, the course procedures indicate that motions pursuant to bankruptcy local rule 9006 –1 are not subject to the court's open calendaring procedure. Thus, the matter is presented as an application for an order shortening time.

### IV. AVAILABLE HEARING DATES

Pursuant to local rule 9006, Applicant requests that this matter be heard at any

time on September 16, 17, 18, or 19, 2013. (Charles Dec., ¶13).

Dated: September 11, 2013        Law Offices of Gregory Charles

                                  By:  /s/ Gregory J. Charles
                                       Gregory J. Charles
                                       Attorneys for Defendant