**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:   (650) 282-5980
Email: ws@waynesilverlaw.com

Attorney for Defendants,
*CHANDRAKANT SHAH and MRUDULA C. SHAH*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>SAN JOSE AIRPORT HOTEL, LLC dba HOLIDAY INN SAN JOSE, MOBEDSHAHI HOTEL GROUP,<br><br>Debtors. | Case No.: 09-51045-SLJ<br>Chapter 7<br><br>(Jointly Administered with Case No. 09-51073-SLJ) |
| SAN JOSE AIRPORT HOTEL, LLC dba HOLIDAY INN SAN JOSE, MOBEDSHAHI HOTEL GROUP,<br><br>Plaintiffs,<br><br>vs.<br><br>SEVAK & SONS, L.P., a California limited partnership; CHANDRAKANT SHAH, an individual, and MRUDULA C. SHAH, an individual,<br><br>Defendants. | Adv. Pro. No. 11-05236<br><br>**OMNIBUS DECLARATION OF CHANDRAKANT SHAH**<br><br>Date:   July 21, 2020<br>Time:  1:30 p.m.<br>Court:  Courtroom 9,<br>         Hon. Stephen L. Johnson |

I, CHANDRAKANT SHAH, hereby declare:

1. I am an adult individual residing in Santa Clara County, California, and a defendant in this Adversary Proceeding. I make this declaration from facts of my own personal knowledge, and if called upon as a witness could and would competently testify hereto.

2. I retained attorney Wayne A. Silver on June 6, 2020 to represent me solely with

Page - 1

Omnibus Declaration of Chandakrant Shah

respect to on-going settlement negotiations with Mohamed Poonja, Chapter 7 Trustee ("Trustee") concerning a judgment against me ("Judgment") in this Adversary Proceeding. It was understood and agreed that Mr. Silver was not going to appear in the Adversary Proceeding.

3. On or about June 23, 2020, I was served with three motions: (1) Motion to Amend Judgment to Add Alter-Egos and Spouse of Judgment Debtor; (2) Motion For Order To Comply with Levy (Met Life); and (3) Motion For Order To Comply with Levy (Wells Fargo Bank) (collectively, the "Motions").

4. I was surprised to receive the Motions, because I was participating in on-going settlement discussions with the Trustee, his attorneys and Mr. Silver between June 23, 2020 and July 13, 2020. These settlement discussions resulted in an agreement to settle the Judgment for a fixed discounted amount, subject only to working out the terms. A settlement agreement was then circulated for signature.

5. On June 29, 2020 Mr. Silver assisted me in writing a letter to the Court asking for a continuance of the Motions to allow me to retain counsel, in the unlikely event the settlement agreement did not get finalized in time. Mr. Silver subsequently provided me with copies of the Trustee's Opposition and the Order that denied my request for a continuance.

6. On July 13, 2020 during a conference call with the Trustee and his attorneys, the Trustee reneged on the agreed settlement amount, and also demanded onerous changes to the payment terms in the settlement agreement. The Trustee contacted me over the next two days, still offering to settle, but for an indeterminate amount on unspecified terms. These settlement discussions lulled me into not retaining an attorney to represent me in the Adversary Proceeding or filing opposition to the Motions, because I needed to conserve all of my available financial resources to comply with my obligations under the settlement agreement.

7. Mr. Silver has agreed to represent my wife and me in the Adversary Proceeding, and was formally retained on July 16, 2020. I am still seeking counsel to represent the LLC's so that they can file opposition to the Motions. I have had on-going discussions with an attorney who I believe agreed to represent the LLC's, but has not formally been retained. I hope to do that prior to the hearing on the Motions.

Page - 2

Omnibus Declaration of Chandakrant Shah
Case: 11-05236    Doc# 243-1    Filed: 07/17/20    Entered: 07/17/20 08:52:31    Page 2 of 13

**Motion to Amend Judgment to Add Alter-Egos and Spouse of Judgment Debtor**

8. I reviewed the Declaration of James A. Hennefer in Support of Plaintiff's Motion to Amend Judgment to Add Alter-Egos and Spouse of Judgment Debtor, and it contains a number of errors and misstatements:

| | |
|---|---|
| p.5:6 | Negotiations for a global resolution continued through July 13, 2020. |
| p.6:4, ¶(A)(ii) | Should be April 21, 2017 not May 21, 2017 |
| p.6:15 – 22, ¶(C) | **504 Ross Drive** - Sundowner Inn was purchased on 07/29/1998 and title was vested under Sundowner Inn LLC. I am informed and believe that due to tax considerations the property was conveyed to Sundowner Inn LP in 2003. When Estate planning was done in early 2017 property was conveyed to Sundowner Inn LLC. Ownership of Sundowner Inn LLC includes me, my wife and two trusts, one for each of our children. |
| p.6:23 – p.7:3, ¶(D) | **850 Leong** was purchased on 07/29/1998 and title was vested under County Inn LLC. I am informed and believe that due to tax considerations the property was conveyed to County Inn LP in 2003. When Estate planning was done in early 2017 property was conveyed to County Inn LLC. Ownership includes a trust for our daughter. |
| P.7:4 ¶(E) | **4217 Quimby Road**. There are three APNS, one for each parcel. These properties were acquired from my son in 2002. They consist of 3 parcels: Parcel one APN: 654-01-002 consists of 21.4 acres. Parcel Two consists of 42 acres, and parcel three consists of 106 acres. Deed was transferred from the Shah 1978 Revocable Trust to Quimby Road Ranch LLC in 2017 as part of our tax and estate planning. |
| P. 7 ¶(F) | **4221 Quimby Road** – was acquired from Allen Baumgartner by the Shah 1978 Revocable Trust and transferred to SKCM LLC in 2017 as part of our tax and estate planning. My son Jay was never involved in this transaction. |
| P. 8:7 | **504 Ross Drive** – See above. |
| P.8:8 | **850 Leong Drive** was acquired on July 29, 1998 and title was vested in County Inn LLC. See above. |
| P.8:22 | Sundowner Inn LLC was originally formed on July 28, 1998. See above. |
| P.8:23 | County Inn LLC was originally formed on July 28, 1998. See above. |
| P. 11:17 ¶E | Properties were transferred for estate planning purposes only. |
| P.12:10, ¶31 | While attempting to do estate planning and given my son's status his attorney and he demanded a certain amount of funds had to be allocated to him. It was incorrectly done, and the estate planning lawyer corrected it. |

Page - 3

Omnibus Declaration of Chandakrant Shah
Case: 11-05236   Doc# 243-1   Filed: 07/17/20   Entered: 07/17/20 08:52:31   Page 3 of 13

9. I always believed the Judgment would be overturned on appeal for a number of reasons, not the least of which was my challenge to the Court's damages award and lack of any causation between my refusal to get updated appraisals and the collapse of the sale. I was stunned when the District Court affirmed the Judgment in March of 2018.

10. With one exception (Kamal Holding), the entities that Plaintiff seeks to add to the Judgment as judgment debtors are separate operating businesses, in separate locations, that have separate employees:

| LLC Name/Property Address | Business | Employees |
|---|---|---|
| Sundowner Inn LLC<br><br>504 Ross Drive<br>Sunnyvale, CA | Days Inn and Suites Sundowner/Hotel | 25 |
| County Inn LLC<br><br>850 Leong Drive,<br>Mountain View, CA | County Inn/Hotel | 10 |
| 1130/1132 Independence Mountain View, LLC<br><br>1130/1132 Independence Ave.<br>Mountain View, CA | Office Building | 1 Part-time. |
| Quimby Road Ranch LLC<br><br>4217 Quimby Road<br>San Jose, CA | Home/ Horse and Cattle Ranch | 3 Part-time. |
| SKCM LLC<br><br>4221 Quimby Road<br>San Jose, CA | Ranch Home – Rental Property with Stables | None. |
| Kamal Holding | Personal Residence<br><br>26725 Shady Oaks Court<br>Los Altos Hills, CA | None. |

**Motion for Order to Comply with Levy (Met Life)**

11. As alleged in the Motion for Order to Comply with Levy (Met Life), there are two

Page - 4

Omnibus Declaration of Chandakrant Shah

insurance policies in question: (1) I am listed as the owner of a Retail Life account number XXXXX3601PR MLI C (Shah Policy"), and (2) the Shah Irrevocable Trust is the owner of an active Retail Life account XXX3116 GENAM ("Trust Policy"). A true and correct redacted copy of relevant pages from the Shah Irrevocable Trust is attached as Exhibit One hereto.

**Motion for Order to Comply with Levy (WFB)**

12. With respect to the Motion for Order to Comply with Levy (WFB), there are two accounts in question:

- Account No. xxxx-xxxx-1385 is in the name of the Shah 1978 Revocable Trust and is used primarily by my wife.
- Account No. xxxx-xxxx-0466, also in the name of the Shah 1978 Revocable Trust, and used by both MRUDULA C. SHAH and CHANDRAKANT SHAH. This account receives money from Social Security for my wife and me. We pay our plan B and D Medical care insurance and dental insurance from it. This account has accumulated social security payments for over 10 years. The Average payment is $2,500 per month for me and my wife. Total amount in this account should be $248,343.18, however $498,000 was deposited to this account in error instead of Kamal Holding. This $498,000 deposit is property of Kamal Holding.

13. When I received the Notices of Levies by mail in October of 2019, I assumed my attorneys were also served, and therefore did not believe it was necessary for me to take any actions. But I recently learned my attorneys were not served with the papers concerning my exemptions, and that I was supposed to take certain actions to protect my exempt property. I had no idea it was my responsibility to take actions to protect my exempt property.

14. The Trustee was able to levy $364,566.66 of exempt funds in my Schwab IRA retirement account using these same tactics, and is now trying to levy my exempt social security and life insurance policies.

15. I am therefore claiming all allowable exemptions in the WFB accounts and life insurance policies, will be moving to exempt and recover the wrongfully levied $364,566.66 of exempt funds in my Schwab IRA retirement account, and request relief from this Court to do so.

Page - 5
Omnibus Declaration of Chandakrant Shah
Case: 11-05236    Doc# 243-1    Filed: 07/17/20    Entered: 07/17/20 08:52:31    Page 5 of 13

16. My wife and I are 82 years old, and my wife requires my help. We are actively searching for an attorney to represent the LLC's.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on July 17, 2020 at Los Altos Hills, California.

                                            */s/ Chandrakant Shah*
                                            Chandrakant Shah

Page - 6

Omnibus Declaration of Chandakrant Shah
Case: 11-05236 Doc# 243-1 Filed: 07/17/20 Entered: 07/17/20 08:52:31 Page 6 of 13

# EXHIBIT ONE

# [Redacted Shah Irrevocable Trust]

## SHAH IRREVOCABLE TRUST

Chandrakant K. Shah and Mrudula C. Shah,
Settlors

Jay C. Shah, Trustee

29th May, 1992

IRREVOCABLE TRUST AGREEMENT

THIS IRREVOCABLE TRUST AGREEMENT (this "agreement") is made on _____, 1992, by and between CHANDRAKANT K. SHAH and MRUDULA C. SHAH, residents of Santa Clara County, State of California, hereinafter called "the settlors," and JAY C. SHAH and SMITA C. SHAH, residents of the State of California, hereinafter together called "the trustee." The trust created by this agreement shall be known as the "Shah Irrevocable Trust."

ARTICLE ONE

Grant of Property

The settlors transfer to the trustee, IN TRUST, the property described in Schedule A, attached hereto, which is the community property of the settlors (the settlors are husband and wife). The settlors and the trustee agree as follows:

ARTICLE TWO

Identification

2.1 Children. The settlors have two children whose names and birth dates are as follows:

JAY C. SHAH 

SMITA C. SHAH

The above birth dates are conclusive for all purposes under this agreement. Neither settlor has had a child other than the children named above. All references in this agreement to "the

settlors' children" or any similar term are only to the settlors' children named above.

    2.2  <u>Identity of Trustee</u>.  JAY C. SHAH shall be the initial trustee of the trust.  If JAY C. SHAH fails or ceases to act as trustee for any reason, SMITA C. SHAH shall become sole trustee.  If SMITA C. SHAH fails or ceases to act as trustee, a majority of the income beneficiaries of each trust under this agreement (including any incompetent beneficiary's guardian or conservator) shall have the power, to be exercised by a document in writing, to appoint an individual (other than a settlor or beneficiary of such trust) or a bank or trust company as successor trustee for such trust.  In the absence of such an appointment within sixty (60) days of a vacancy in the trusteeship, NORTHERN TRUST OF CALIFORNIA, N.A., shall become the sole trustee.  No bond shall be required of any trustee acting hereunder, whether or not nominated by name in this agreement, for any purpose whatever.

9.10  Spendthrift Clause.  To the fullest extent permitted by law, the interest of each beneficiary of the trust shall be free of all of his or her debts, contracts, and obligations and cannot be anticipated or assigned or transferred in whole or in part, voluntarily or involuntarily, or by operation of law (including being taken by execution of any legal process whatsoever) and any and all such anticipations, assignments and transfers shall be void.  If any anticipation, assignment or transfer, whether voluntary or involuntary, or by operation of law, is made or attempted by or against any beneficiary, all further payments to such beneficiary of income or principal of the trust shall be suspended for such period of time or indefinitely (but in no case for longer than the term of the trust) as the trustee determines and, in lieu of such payments, the trustee may apply so much of the income or principal of the trust, or both, to which the beneficiary would otherwise be entitled as the trustee deems necessary for the support and maintenance of the beneficiary, and all income of the trust not so applied shall in the discretion of the trustee be accumulated and added to the principal of the trust at such time or times as the trustee

deems proper; provided, however, that this sentence shall not apply to any trust which holds the stock of an S corporation (as defined in Internal Revenue Code section 1361(a)).

settlors that neither of the settlors, the trustee, nor any other person shall have any power or discretion which shall cause the trust or any portion thereof to be includible in the gross estate of either of the settlors for federal estate tax purposes, pursuant to the provisions of the Internal Revenue Code, and the provisions of this agreement shall be interpreted accordingly.

IN WITNESS WHEREOF, the parties hereto have executed this trust agreement as of the date and year first above written.

_____
Chandrakant K. Shah
Settlor

_____
Mrudula C. Shah
Settlor

_____
Jay C. Shah
Trustee