James A. Hennefer (SBN 059490)
HENNEFER, FINLEY & WOOD, LLP
Russ Building
235 Montgomery Street, Suite 858
San Francisco, CA 94104
Telephone: (415) 421-6100
Facsimile: (415) 421-1815
jhennefer@hennefer-wood.com

Special Counsel for Mohamed Poonja,
Chapter 7 Trustee for San Jose Airport
Hotel, LLC, dba Holiday Inn San Jose, and
Mobedshahi Hotel Group

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>SAN JOSE AIRPORT HOTEL, LLC, dba HOLIDAY INN SAN JOSE, MOBEDSHAHI HOTEL GROUP, | Chapter 7<br>Case No. 09-51045-SLJ<br><br>(Jointly Administered with<br>  Case No. 09-51073-SLJ )<br><br>Adv. Pro. No. 11-05236 |
| MOHAMED POONJA, Chapter 7 Trustee for SAN JOSE AIRPORT HOTEL, LLC, dba HOLIDAY INN SAN JOSE, Debtor, and MOBEDSHAHI HOTEL GROUP, Debtor,<br><br>               Plaintiffs,<br>vs.<br><br>SEVAK & SONS, L.P., a California limited partnership; CHANDRAKANT SHAH, an individual, and MRUDULA C. SHAH, an individual<br><br>               Defendants. | **TRUSTEE'S REPLY TO OPPOSITION OF SHAHS AND THEIR LLCs TO MOTION TO AMEND JUDGMENT**<br><br>Date:  September 1, 2020<br>Time:  1:30 p.m.<br><br>Place:  United States Courthouse, Room 3099<br>        280 South First Street<br>        San Jose, California 95113<br><br>Honorable Stephen L. Johnson |

REPLY TO OPPOSITION OF SHAHS AND LLCS TO MOTION TO AMEND JUDGMENT     *In re San Jose Airport Hotel*, No. 09-51045-SLJ
*Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ

Case: 11-05236    Doc# 260    Filed: 08/25/20    Entered: 08/25/20 18:55:03    Page 1 of 19

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION AND SUMMARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. This Court Under Fed. R. Civ. P. Rule 69(a) and California Code of Civil Procedure § 187 Has the Procedural Authority to Add the LLCs as Judgment Debtors Judgment. . . . . . . . . . . 3

II. This is A Core Proceeding and The Court Has the Power and Jurisdiction To Hear and Decide the Motion to Amend in Post Judgment Proceedings.. . . . . . . . . . . . . . . 4

III. Shah's Control of the Adversary Proceedings Satisfies Due Process Concerns In Adding LLCs He Later Formed as Additional Judgment Debtors. . . . . . . . . . . . . . . . . . . . . 5

IV. The Six LLCs Were Created For the Purpose Of, And Are Being Used As Alter-Egos Sheltering Shah's Assets From Collection of the Judgment. . . . . . . . . . . . . . . . . . . 6

V. Kamal Holdings LLC, Which is Solely Acting as an Alter-Ego to Hold Title to Shah's Home, Should be Added as an Additional Judgment Debtor Immediately. . . . . . . . . . 8

VI. The Trustee Should Not be Required to Exhaust All Other Possible Legal Remedies Before the Court Can Decide the Motion to Amend.. . . . . . . . . . . . . . . . . . . . . . 9

VII. "Judicial Estoppel" Prevents Shah From Now Denying That He Owns and Controls the Six Properties and Six LLCs. . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**CASES**                                                                                     **PAGE(S)**

*Blix Street Records, Inc. v. Cassidy*
    191 Cal. App. 4th 39 (2010)....................................................... 11

*Benetatos v. Helenic Republic*
    371 Fed. Apx. 770, 2010 WL 1041474 (9th Cir. 2010).................... 11

*Carr v. Barnabey's Hotel Corp.*
    23 Cal.App.4th 14 (1994)............................................................ 6

*Choice Hotels International, Inc. v. Wright*
    WL 8156289 (2005)................................................................... 5

*Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*
    159 F.3d 412 (9th Cir. 1998)....................................................... 4

*Curci Investments, LLC v. Baldwin*
    14 Cal.App.5th 214 (2017)................................................. 2, 9, 10

*Dzakula v. McHugh*
    764 F. 3d 399 (9th Cir. 2014)..................................................... 11

*Ferraro v. Camarlinghi*
    161 Cal.App.4th 509 (2008)....................................................... 11

*Hamilton v. State Farm Fire & Cas. Co.*
    270 F. 3d 778 (9th Cir. 2001)..................................................... 11

*Highland Springs Conference & Training Center v. City of Banning*
    244 Cal. App. 4th 267 (2016)..................................................... 4

*Hoffman v. Tarnol*
    WL 4776712 (2017) ............................................................. 5, 9

*Home Indem. Co. v. Lane Powell Moss & Miller*
    43 F.3d 1322 (9th Cir.1995)....................................................... 4

*In re Cass*
    476 B.R. 602 (Bankr. C.D. Cal. 2012).......................................... 5

*In re Levander*
    180 F.3d 1114 (9th Cir. 1999)..................................................... 6

*Jackson v. County of Los Angeles*
    60 Cal.App.4th 171 (1997)......................................................... 11

*Marin Management, Inc. v. Chandrakant Shah, Shah Enterprises*
    Marin Superior Court Case No. CIV 1204325............................... 10

*Marin Management, Inc. v. Shah Revocable Trust Dated 1978, et al.*
    Superior Court, Case No. CIV 14028447, filed July 24, 2014......... 10

REPLY TO OPPOSITION OF SHAHS AND LLCS      *In re San Jose Airport Hotel*, No. 09-51045-SLJ
TO MOTION TO AMEND JUDGMENT      *Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ
-ii-

Case: 11-05236    Doc# 260    Filed: 08/25/20    Entered: 08/25/20 18:55:03    Page 3 of 19

*Mesler v. Bragg Management Co.*
    39 Cal. 3d 290 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Owens v. County of Los Angeles*
    220 Cal.App.4th 107 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Postal Instant Press, Inc. v. Kaswa Corporation*
    162 Cal. App. 4th 1510 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*RSL Funding v. Alford*
    162 Cal. App. 4th 1510 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sonora Diamond Corp. v, Superior Court*
    83 Cal App.4th 523 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Swahn Group , Inc. v, Segal*
    183 Cal. App. 4th 831 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Victrola 89 , LLC v. Jaman Properties 8 LLC*
    46 Cal. App. 5th 337 (2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES AND CODES**

Cal. C. Civ. Proc. § 187. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 10

Cal. C. Civ. Proc. § 708.180. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

California Civ. Code § 3439.04(a)(1), 3439.04(a)(2)(A), 3439.04(a)(2)(B), 3439.05. . . . . . . . . . . 10

28 U.S.C. § 157(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

28 U.S.C. § 157(b)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

28 U.S.C. § 157(b)(2)(F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 157(b)(2)(H). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 157(b)(2)(K). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 157(b)(2)(O). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**RULES**

Fed. R. Civ. P. 69(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Bankr. P. 7069. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

REPLY TO OPPOSITION OF SHAHS AND LLCS      *In re San Jose Airport Hotel*, No. 09-51045-SLJ
TO MOTION TO AMEND JUDGMENT      *Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ

Case: 11-05236   Doc# 260   Filed: 08/25/20   Entered: 08/25/20 18:55:03   Page 4 of 19

-iii-

Mohamed Poonja, Chapter 7 Trustee for the San Jose Airport Hotel, LLC, dba Holiday Inn San Jose, and Mobedshahi Hotel Group ("Trustee" or "Judgment Creditor"), files this reply to Chandrakant K. Shah ("Judgment Debtor" or "Shah") and his spouse Mrudula C. Shah's ("Mrudula Shah") opposition ("Shah Opposition') to the Trustee's "Motion to Amend Judgment to Add Alter-Egos and Spouse of Judgment Debtor" filed June 23, 2020 (ECF Doc. 226)("Motion to Amend"). The Shah Opposition, filed on July 17, 2020 and August 11, 2020, is comprised of ECF Docs. 243 and 249 (Memoranda); ECF Docs. 243-1 and 252 (Declarations of Shah); ECF Docs. 246 and 253 (Declarations of Wayne Silver) and 244-1 (Request for Judicial Notice). The Trustee also files this reply to the opposition of "Third Parties Sundowner Inn LLC, SKCM LLC, Quimby Road Ranch LLC, Kamal Holdings, LLC, 1130-1132 Independence Mountain View LLC, County Inn LLC" ('Shah LLCs") to the Trustee's "Motion to Amend Judgment to Add Alter-Egos and Spouse of Judgment Debtor," filed June 23, 2020 (ECF Doc. 226) (" Shah LLCs' Opposition"). The Shah LLCs' Opposition, filed on August 11, 2020, is comprised of ECF Doc. 255 (Memorandum); and ECF Doc. 256 (Declaration of Stephen D. Finestone).

References in to these pleadings in this reply brief are by ECF document number, by sections, paragraphs, page and by lines, *e.g.* ("ECF 226-1, 10:1- 10:4") (which is a quote from the declaration of the Shahs' attorney who created the LLCs that "**[t]he Shahs, through LLCS that they control, own the following six parcels . . .the Shahs' properties retain approximately $31,775,501 in equity, which is more than enough to satisfy the judgment in the instant case of $11,648,785.**")

**INTRODUCTION AND SUMMARY**

The facts, very well documented in the Trustee's Motion to Amend, with notarized deeds, court filings and orders, sworn testimony of Shah and his attorneys, the request for judicial notice and declaration of Trustee's counsel,[1] are overwhelming in proving that Shah and his wife own and control both the "Six Properties" and the "Six LLCs" which now hold title to them. They repeatedly took that

---

[1] The statement by the LLCs' counsel that "[t]he sole evidence in support of the Motion to Amend is a declaration of the Judgment Creditor's attorney, James A. Hennefer" (ECF 255 3:5-3:6) is both untrue and misleading, as are many in LLCs' Opposition.

REPLY TO OPPOSITION OF SHAHS AND LLCS
TO MOTION TO AMEND JUDGMENT

*In re San Jose Airport Hotel*, No. 09-51045-SLJ
*Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ

Case: 11-05236    Doc# 260    Filed: 08/25/20    Entered: 08/25/20 18:55:03    Page 5 of 19

-1-

position between 2009 and 2018, including in sworn pleadings to this very Court. (ECF 226-1, Sections II.A. - II.E.) They sought to, and did gain substantial legal advantages by such representations, to the prejudice of the Estate and Trustee. Now that the Judgment for $11,648,758 is final,[2] having been affirmed four (4) times, Shah and new counsel avoid confronting these facts and try to argue (incorrectly) that this Court is prevented from granting the Motion to Amend by issues of law. Their arguments are so lacking in merit they seem to be designed merely to slow down and make it difficult for the Trustee to collect the Judgment, pay claims and close this estate. The prejudice to the estate, claimants and the Trustee by such delay, where some claims are accruing interest at 10% per annum, is significant.

When this motion came before the Court in 2019, Shah did not contest that the Six LLCs were alter egos of him.[3] At that time, the Court ruled, contrary to Shah's new counsel's present claim, that the Court had jurisdiction to consider the motion and could procedurally consider it on a motion, but that the Bankruptcy Court did not have jurisdiction at that time to add parties defendant to a judgment because the case was on appeal and the appeal temporarily divested the Court of jurisdiction. The Court now has jurisdiction. It was returned on March 4, 2020 after the Ninth Circuit affirmed the Judgment. The Motion to Amend should now be granted.

None of the many legal theories now raised by Shah, or on his behalf by counsel for his purportedly independent LLCs justifies denial of the Motion to Amend, even assuming that Shah's failure to contest that "the LLCs are simply alter-egos of Defendant Shah" when this motion was first before the Court in 2019, and his failure to file timely opposition to the Motion prevent raising such arguments. The Trustee addresses each theory below, as follows: **Section I**, the Court procedurally can add the alter-egos as judgment debtors by motion; **Section II**, this is part of original adversary action

---

[2] The attempt to distinguish this case from *Curci* by counsel for the LLCs in claiming that "the defendant (Baldwin) stipulated to a payment plan, and there was no dispute as to liability"(ECF 255, 3:5-3:6) is without merit. There is no doubt that as to the defendant (Shah) there is no dispute as to liability. Likewise the claims by both counsel for the LLCs and Shah that because Shah believed the Judgment would be overturned on appeal, his conveyances of the "Six Properties" could not be fraudulent is totally without merit.

[3] "Plaintiff now seeks to add the LLCs to the Bankruptcy Court's Judgment. He argues the LLCs are simply alter-egos of Defendant Shah, a point Defendant does not appear to contest." (ECF 200, 2:25-2:26)

tried to this Court in 2013 and is core proceeding under 28 U.S.C.§ 157(b) over which this Court has jurisdiction; **Section III**, the LLCs which, were not in existence until 2017 are not required to have had control over the original trial – it is sufficient for due process that Shah did; **Section IV**, the factual claim that the LLCs are legitimate operating business entities, independent of Shah, is a sham, and the argument is foreclosed by the LLCs stonewalling of discovery subpoenas for documents showing their operations; **Section V**, Kamal Holdings, which Shah admits has no function but preventing his home from levy, should be added as a judgment debtor; **Section VI**, the Trustee is not required to strip each of the Six Properties of multiple fraudulent conveyances; and **Section VII**, the equitable doctrine of "judicial estoppel" long recognized in California and Bankruptcy law may be employed to establish that Shah had ownership and control over the Six LLCs and the Six-Properties.

The Trustee has filed an *ex parte* application for the debtor's examination of Shah, and started the process for a telephonic hearing under this Court's "Practices and Procedures" for "Discovery Disputes" based on the LLCs' stonewalling of Rule 45 subpoenas issued to obtain basic information about their claimed operations. This discovery is addressed in Section IV, below. If the Court does not grant the Motion to Amend outright, the motion should be continued until the Trustee obtains the facts about the LLCs he is entitled to under the Rule 45 subpoenas and takes the debtors exam of Shah.

## LEGAL ARGUMENT

**I. This Court Under Fed. R. Civ. P. Rule 69(a) and California Code of Civil Procedure § 187 Has the Procedural Authority to Add the LLCs as Judgment Debtors**

Counsel for the LLCs argues that the Motion to Amend should be denied because it is "procedurally improper" and "procedurally flawed." Apparently counsel did not read the record in this action, where the Court already rejected this argument when the Motion to Amend was first brought in 2019. In its "Order Denying Motion to Amend Judgment to Add Alter Egos, entered May 1, 2019, this Court held:

> Federal Rule of Civil Procedure 69(a) permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits, so California law applies. *Id*. (internal citations omitted). In California, Civil Code § 187 grants every court the power and authority to carry its jurisdiction into effect.

> *Highland Springs Conference & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 280, (2016). California cases have found this includes the authority to amend a judgment to add an alter ego of an original judgment debtor, and thereby making the additional judgment debtor liable on the judgment. *Id.* Federal courts are in accord with this view. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998). Therefore, purely as a matter of procedure, this court has the authority to add the LLC's as judgment debtors under the alter-ego theory. (ECF 200, 3:2-3:12)

This is the law of the case, and the proper ruling. As the California Court of Appeals held in *Highland Springs Conference & Training Ctr. v. City of Banning* (2016), 244 Cal. App. 4th 267, 280, CCP § 187, applicable to these proceedings by Fed. R. Civ. P. Rule 69(a) and Fed. R. Bankr. P. 7069, grants this Court "the power and authority" "to amend a judgment to add an alter ego of an original judgment debtor" "by noticed motion" and "the court is not required to hold an evidentiary hearing on a motion to amend a judgment, but may rule on the motion based solely on declarations and other written evidence." Likewise, the Ninth Circuit in *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998) affirmed the adding of a (rather colorful and fraudulent) California attorney as a "non-party judgment debtor" on a motion under an alter ego theory. In *Cigna*, the court held this was "appropriate under under Federal Rule of Civil Procedure 69(a) [which] 'permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits'" and under California law. The Ninth Circuit in *Cigna* further held that the granting of such a motion is reviewed only for an abuse of discretion. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir.1995)

II. **This is A Core Proceeding and The Court Has the Power and Jurisdiction To Hear and Decide the Motion to Amend in Post Judgment Proceedings**

The suggestion by counsel for the LLCs that this Court lacks jurisdiction over the Motion to Amend and that this "is a non-core matter" (ECF 255, 2:11-2:13, 4:13-4:18) is frivolous.

The "Order Following Trial" of August 2, 2013 (ECF 82) in which this Court entered the Judgment, the Court held that it had jurisdiction and "this is clearly a core matter within the meaning of § 157(b), and the court has the constitutional power to enter a final order." The Judgment was upheld twice by the District Court and once by the Ninth Circuit. 28 U.S.C.157(b) includes in core matters 157(b)(2)(A) ("matters concerning administration of the estate"), 157(b)(2)(F) (proceedings to determine, avoid or recover preferences"), 157(b)(2)(H) ("proceedings to determine, avoid, or recover

fraudulent conveyances"), 157 (B)(2)(K) ("determinations of the validity, extent, or priority of liens") and 157(b)(2)(O) ("other proceedings affecting the liquidation of the assets of the estate"). The Court is clearly correct that the Motion to Amend is a core matter over which it has jurisdiction.

In *In re Cass*, 476 B.R. 602, 605 (Bankr. C.D. Cal. 2012), aff'd (B.A.P. 9th Cir., Apr. 11, 2013, No. ADV 12-1235-RK) 2013 WL 1459272, aff'd (9th Cir. 2015) 606 Fed.Appx. 318), where a chapter 7 trustee in an adversary proceeding sought the determination of the validity, extent and priority of judgment creditors' lien in real property that had been fraudulently transferred, the court held "this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O)." The *Cass* court also rejected the argument of counsel for Shah's LLCs that a separate fraudulent conveyance proceeding was required before a motion to amend or similar motion, holding that "[n]owhere is [] an intent to condition other fraudulent transfer remedies on an avoidance action expressed in [the California Uniform Fraudulent Transfer Act] or in its legislative history." *Id.,* at 617.

Moreover, District Courts regularly make fraudulent transfer findings in post-judgment proceedings. *See*, *Hoffman v. Tarnol*, 2017 WL 4776712, at *1, (C.D. Cal., Sept. 14, 2017, No. CV155755) report and recommendation adopted (C.D. Cal., Oct. 18, 2017, No. CV155755) 2017 WL 4773096) (judgment obtained and post-judgment order for turn over of home of debtors conveyed to LLC, applying Uniform Voidable Transfers Act to determine dispute pursuant to CCP § 708.180); *Choice Hotels International, Inc. v. Wright*, 2005 WL 8156289, at *4 (C.D. Cal., Mar. 24, 2005, No. CV033785RGKJTLX) (adjudicating UVTA issue in post-judgment proceeding). The suggestion that a new action must be brought to adjudicate whether Shah fraudulently transferred his assets into the LLCs is simply wrong.

**III. Shah's Control of the Adversary Proceedings Satisfies Due Process Concerns In Adding LLCs He Later Formed as Additional Judgment Debtors**

Shah claims that the Trustee's Motion to Amend should be denied because a second requirement for adding an additional judgment debtor – that the additional debtor "had control of the previous litigation" (the 2013 proceeding which the Judgment was entered) -- is not met here. Obviously, since the Six LLCs were not officially organized until January and February 2017 (ECF 226-2, ¶¶ 20-21, Exhibits M-R) they could not have formally "had control" of the 2013 litigation. But, as the Ninth

REPLY TO OPPOSITION OF SHAHS AND LLCS
TO MOTION TO AMEND JUDGMENT
*In re San Jose Airport Hotel*, No. 09-51045-SLJ
*Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ
-5-

Case: 11-05236   Doc# 260   Filed: 08/25/20   Entered: 08/25/20 18:55:03   Page 9 of 19

Circuit held in *In re Levander* 180 F. 3d 1114, 1123 (9th Cir. 1999), where a "Partnership" was added as a judgment debtor with a debtor "Corporation" under CCP § 187:

> The Partnership in essence controlled the litigation because the same group of individuals comprised the Partnership and the Corporation, they were present during the litigation, and one of the partners even contributed deposition testimony. Thus, adding the Partnership as a judgment-debtor raises no due process concerns.

Since Shah was the organizer of each of the Six LLCs, and Shah was the sole managing member of all except two, as to which his wife Mrudula Shah was the sole managing member and since Shah was present at the 2013 litigation and testified, adding the LLCS as judgment debtors "raises no due process concerns."

Were this not the rule, any judgment debtor like Shah could form an LLC (or corporation or partnership) which they controlled and transfer real property into the name of the new entity, without the court having the power to hold that newly-formed entity liable for the judgment, although it held the assets. "The decision to grant an amendment in such circumstances lies in the sound discretion of the trial court. 'The greatest liberality is to be encouraged in the allowance of such amendments in order to see that justice is done.' " *Carr v. Barnabey's Hotel Corp*. (1994) 23 Cal.App.4th 14, 20–22).

**IV.  The Six LLCs Were Created For the Purpose Of, And Are Being Used As Alter-Egos Sheltering Shah's Assets From Collection of the Judgment**

On February 8, 2017, on remand from the District Court affirming liability, this Court, based on the same record as the trial, reaffirmed the original Judgment in its "Order Following Remand" holding "that [Shah's] breach proximately caused damage to Plaintiff in the amount of $11,648,758." Shah immediately proceeded, between February 2017 and September 2017, to transfer all of the Six Properties into newly organized LLCs . All of the deeds transferring the Six Properties into LLCs reflect that the transfers were without consideration being paid to Shah or to the transferring entities he owned and controlled. Each transfer was signed by Shah on behalf or the transferring entity. There was a unity of interest and ownership between Shah and each of these LLCs. (ECF 226-2, ¶¶ 18-21)

This was not the first time that Shah's transfers of these properties followed closely upon the Judgment being entered in this action. On October 17, 2013, after the original judgment was entered on August 26, 2013, Shah recorded five (5) deeds of trust on five of the Six Properties, each for

REPLY TO OPPOSITION OF SHAHS AND LLCS  *In re San Jose Airport Hotel*, No. 09-51045-SLJ
TO MOTION TO AMEND JUDGMENT  *Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ

Case: 11-05236  Doc# 260  Filed: 08/25/20  Entered: 08/25/20 18:55:03  Page 10 of 19

-6-

| | |
|---|---|
| 1 | $7,250,000, without receiving any consideration, in order to shield their equity from execution. (ECF |
| 2 | 226-2, ¶ 31, Exhibits T- Y)  When the District Court in this case vacated the Judgment and remanded |
| 3 | the case on June 17, 2016, and there was therefore no Judgment pending, Shah took the opportunity, on |
| 4 | October 6, 2016, to reconvey, without consideration, the deeds of trust on the five of the Six Properties. |
| 5 | These reconveyances were on the Shady Oaks, Independence Ave., Sundowner Inn, County Inn and |
| 6 | Quimby Road properties and were all recorded the same day, October 6, 2016.  (ECF 226-2, ¶ 33, |
| 7 | Exhibit AA - Exhibit EE). |

Shah claims now, in opposition to the Motion to Amend, that the transfers to the LLCs were "for tax and estate planning purposes." (ECF 243, 3:21-3:27, 5: 13) In a further transparent attempt to try to avoid the clear inference of fraudulent conveyances in the face of the Judgment, Shah claims that the close temporal proximity of the transfers and the Judgment mean nothing, because "Mr. Shah had a good faith belief the Judgment was going to be overturned on appeal." (ECF 243, 3:26-27; ECF 252, 3:12-3:14) Shah and the LLCs cite no authority whatsoever supporting their claim that transfers without consideration, which avoid collection of judgments are not fraudulent conveyances just because they are claimed to be for tax and estate planning, or, because the judgment debtor claims he thought the judgment would be overturned on appeal.

Counsel for Shah also claims that the LLCs (except for Kamal Holdings which owns Shah's residence) are all independent operating entities – not alter-egos of Shah and his wife.  He claims "[t]here is no evidence of commingling of funds and other assets, the holding out by one entity that it is liable for the debts of the other, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other. . . [n]or is there evidence include inadequate capitalization, disregard of corporate formalities, or lack of segregation of corporate records." (ECF 243, 4:1-4:7) This is clearly not true.  It is contrary to Shah's own sworn testimony in his 2018 OEX where he testified that there was "a slush fund in the family" where revenues from his properties went. (ECF 226-2, ¶ 32, Exhibit Z) It is contrary to official documents filed with the California Secretary of State and deeds recorded with the Santa Clara County Recorder which show exactly the opposite. (ECF 226-2, ¶¶ 17-21, 50; ECF 233)

REPLY TO OPPOSITION OF SHAHS AND LLCS                             *In re San Jose Airport Hotel*, No. 09-51045-SLJ
TO MOTION TO AMEND JUDGMENT                                       *Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ
-7-

Case: 11-05236   Doc# 260   Filed: 08/25/20   Entered: 08/25/20 18:55:03   Page 11 of 19

In order to further test this claim by Shah, the Trustee is issued six (6) Rule 45 subpoenas, one to each of the Six LLCS. These subpoenas were returnable on August 6, 2020. The subpoenas asked for documentation of each of the LLC's: (1) operating agreements; (2) ownership percentages; (3) management and operations; (4) profits, losses and distributions; (5) voting rights of members; (6) capitalization; (7) finances and financial performance; (8) tax returns; (9) offices; (10) employees; and 11) documents supporting Shah's declaration filed as ECF 243-1, ¶¶ 8-10 about the LLCs' operations. Counsel for the LLCs, Stephen Finestone, stonewalled these subpoenas, objecting to all categories of documents except "(1) operating agreements" and only produced all of the six LLCs' operating agreements as of August 24. Meet and confers with the LLCs' counsel and an offer to enter a standard form of confidentiality agreement, has resulted in no progress with the production of documents and no rationale for the refusal to produce, except the claim that this Court has no jurisdiction over the LLCs and the Motion to Amend. (Decl. Hennefer filed herewith, ¶¶ 3-7)

Shah cannot have it both ways. He cannot make claims about the Six LLCs that are contrary to his own sworn testimony, recorded documents and filings with the State of California, and, by stonewalling discovery aimed at testing those claims, prevent the Motion to Amend from being granted. If the Court does not grant the Motion to Amend, it should continue the motion and order compliance by the LLCs with the subpoenas and the further OEX of Shah.

**V.      Kamal Holdings LLC, Which is Solely Acting as an Alter-Ego to Hold Title to Shah's Home, Should be Added as an Additional Judgment Debtor Immediately**

As to Kamal Holdings LLC, Shah admits that it does not operate as an independent company, but is solely used to hold title to the house where he and Mrudula Shah live, at 26725 Shady Oaks Court, Los Altos, California. (ECF 243-1, ¶ 10) ("With one exception (Kamal Holdings) the entities that Plaintiff seeks to add to the Judgment as judgement debtors are separate operating businesses. . . LLC Name/Property Address, Kamal Holdings, Personal Residence, 26725 Shady Oaks Court, Los Altos Hills , CA.") This personal residence was transferred to Kamal Holdings on May 21, 2017. (ECF 226-2, ¶ 17(A)(I), Exhibit A, Exhibit B) right after this Court re-entered the Judgment, finding causation and damages of $11,648,785

This was the case in *Hoffman v. Tarnal*, 2017 WL 4776712, at *1, (C.D. Cal., Sept. 14, 2017, No. CV155755) report and recommendation adopted (C.D. Cal., Oct. 18, 2017, No. CV155755) 2017 WL 4773096) where exactly the same facts were present. A judgment debtor and his wife (the "Tarnols') had transferred title to the house in which they still lived to TAGII, an LLC which "had been created not more than several months prior to the transfer" and which LLC had "essentially never conducted any business other than holding title to the Tarnols' house." A receiver obtained a $1,456,716 judgment against the Tarnols, and, in post-judgment proceedings, the court held "that the [house] was fraudulently transferred to TAGII in order to avoid its use to satisfy the judgment against the debtor" and issued an order "requiring the Property be applied to the satisfaction of the judgment herein." An order should issue that Kamal Holdings be added to the Judgment as a judgment debtor so that the property at 26725 Shady Oaks Court, Los Altos Hills can be applied to the satisfaction of the Judgment here.

### VI. The Trustee Should Not be Required to Exhaust All Other Possible Legal Remedies Before the Court Can Decide the Motion to Amend

Consistent with their approach to try to make collection of the Judgment as difficult and drawn out as possible, both Shah's counsel and counsel for Shah's LLCs assert that equitable "reverse veil piercing" in the Motion to Amend under *Curci v. Baldwin* (2017) 14 Cal. App. 5th 214 should not (even cannot) be granted until the Trustee has exhausted all legal remedies. (ECF 243 5:19-5:25; ECF 255 5:20-6-1) Counsel for Shah's LLCs claim that if there is *any* legal remedy available to a judgment creditor, reverse veil piercing is precluded simply misreads *Curci,* which specifically held:

> As with traditional veil piercing, there is no precise litmus test. (See *Mesler*, *supra*, 39 Cal.3d at p. 300, 216 Cal.Rptr. 443, 702 P.2d 601.) Rather, the key is whether the ends of justice require disregarding the separate nature of JPBI [the alleged LLC alter ego] under the circumstances. (See *ibid*.) In making that determination, the trial court should, at minimum, evaluate the same factors as are employed in a traditional veil piercing case, as well as whether Curci [the judgment creditor] has any plain, speedy, and adequate remedy at law. (See, e.g., *Sonora Diamond*, *supra*, 83 Cal.App.4th at pp. 538-539, 99 Cal.Rptr.2d 824 [listing veil piercing factors].)

(14 Cal. App. 5th at 224)

What *Curci did* decide was that, whereas in *Postal Instant Press, Inc. v. Kaswa Corp*. (2008) 162 Cal.App.4th 1510, with the judgment debtor owning shares in a corporation reverse piercing was not available, because a judgment creditor had the legal remedy of directly acquiring the shares, in *Curci* "in

REPLY TO OPPOSITION OF SHAHS AND LLCS　　　　　　　　　　　　　*In re San Jose Airport Hotel*, No. 09-51045-SLJ
TO MOTION TO AMEND JUDGMENT　　　　　　　　　　　　　　　　　*Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ
-9-

Case: 11-05236　Doc# 260　Filed: 08/25/20　Entered: 08/25/20 18:55:03　Page 13 of 19

stark contrast, if the debtor is a member of an LLC, the creditor may only obtain a charging order against distributions made to the member . . .The debtor remains a member of the LLC with all the same rights to manage and control the LLC, including, in Baldwin's case, the right to decide when distributions to members are made, if ever." (14 Cal. App..5th at 223) The situation here is the same as in *Curci* because Shah has transferred all of his assets into the Six LLCs which he and his family own and control, and a charging order would be futile for collection on the Judgment. Neither the interest in the LLC nor the asset it own could be sold, and the Judgment would go uncollected. Fraudulent conveyance stripping as to the Six Properties is just as difficult, as the Trustee has shown. For just the Six Properties while the Shah have owned them there have been *over a hundred transfers of title and liens*, on just the Quimby Road Ranch there were forty-one (41) title exceptions, and different entities which have held title during the Shahs' ownership number over twenty five (25). (ECF 226-2, ¶¶ 22-25) It would involve scores of transfers being peeled back, one at

a time, and showing for each transfer four grounds for finding a fraudulent transfer, as set out in Calif. Civ. Code 3439.04(a)(1), 3439.04(a)(2)(A), 3439.04(a)(2)(B) and 3439.05. (ECF 226-1 24:21-25:8)

The saga of a judgment creditor of Shah in (a) *Marin Management, Inc. v. Chandrakant K. Shah, Shah Enterprises, Inc.*, (Marin County Superior Court, Case No. CIV1204325, filed September 24, 2012); and (b) *Marin Management, Inc. v. Shah Revocable Trust Dated 1978, et al.* (Superior Court, Case No. CIV 14028447, filed July 24, 2014) is instructive as to what the Court has in store, unless this Gordian knot is cut with the equitable remedy of reverse outside veil-piercing under CCP § 187. In Marin Management's case, a second collection suit was initiated against some of Shah's many alter egos for damages; piercing the corporate veil; alter ego; breach of the Uniform Fraudulent Transfer Act, and other relief. All to no avail, until a motion was brought to amend the Judgment to include Sundowner Inn, L.P., County Inn, L.P., Chandrakant K. Shah, an individual, Mrudula C. Shah, an individual, Shah Revocable Trust dated 1978, and Jay C. Shah Living Trust dated June 8, 1993 as additional judgment debtors under CCP § 187, and, the tentative ruling of the court was to grant the motion. All was then quickly resolved with Shah paying the judgment. (ECF 228, ¶¶ 6-12) "Those who cannot remember the past are condemned to repeat it."

REPLY TO OPPOSITION OF SHAHS AND LLCS
TO MOTION TO AMEND JUDGMENT
*In re San Jose Airport Hotel*, No. 09-51045-SLJ
*Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ
-10-

Case: 11-05236   Doc# 260   Filed: 08/25/20   Entered: 08/25/20 18:55:03   Page 14 of 19

**VII. "Judicial Estoppel" Prevents Shah From Now Denying
That He Owns and Controls the Six Properties and Six LLCs**

Neither Shah's counsel nor Shah's LLCs' counsel even deal with "judicial estoppel"-- the issue of why Shah is not precluded from claiming in the Motion to Amend that he does not own and control the Six Properties he repeatedly claimed to this Court to own and control. This is the issue that is at the heart of the alter-ego claim that the LLCs should be added as judgment debtors.

"Judicial estoppel is an equitable doctrine designed to maintain the integrity of the courts and protect the parties from unfair strategies . . . [t]he doctrine prohibits a party from asserting a position in a legal proceeding that is contrary to a position he or she successfully asserted in the same or some earlier proceeding." *Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121. It is a doctrine often applied in California[4] and with regard to federal bankruptcy proceedings.[5] The rationale for the doctrine in *Owens* is apropos:

> "This doctrine rests on the principle that litigation is not a war game unmoored from conceptions of ethics, truth, and justice. It is quite the reverse. Our adversarial system limits the affirmative duties owed by an advocate to his adversary, but that does not mean it frees him to deceive courts, argue out of both sides of his mouth, fabricate facts and rules of law, or seek affirmatively to obscure the relevant issues and considerations behind a smokescreen of self-contradictions and opportunistic flip-flops." *(Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 558, 75 Cal.Rptr.3d 19

(220 Cal. App. 4th at 121)

The elements of judicial estoppel are "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Id.*

---

[4] See, e.g., *Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal. App. 5th 337, 357-358; *RSL Funding v. Alford* (2015) 239 Cal. App. 4th 741, 748; *Owens v. County of Los Angeles* (2013) 220 Cal. App. 4th 107, 122; *Swahn Group, Inc. v. Segal* (2010) 183 Cal. App. 4th 831, 841-45; *Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal. App. 4th 39, 47; *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 181.

[5] *See, e.g., Dzakula v. McHugh*, 764 F. 3d 399, 402 (9th Cir. 2014); *Benetatos v. Helenic Republic*, 371 Fed. Apx. 770, 2010 WL 1041474 (9th Cir. 2010); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F. 3d 778 (9th Cir. 2001);

---

These elements are clearly met by Shah's position, taken in the proceedings in this action from June 19. 2018 through November 6, 2018, that he owned and controlled the Six Properties, and, his totally inconsistent position taken now in the Motion to Amend that he does not. Shah was successful in asserting his first position, obtaining a TRO and stay of execution on the Judgment without posting a supersedeas bond based on that position.

The pleadings and facts documenting Shah's position in 2018 are set out in the Trustee's brief in support of the Motion to Amend (ECF 226-1, 14:13-17:24). Highlights are as follows. **1)** Shah provided the Trustee with a proposal in connection with his OEX that he would "provide the Trustee deeds of trust with priorities and equities on properties sufficient to satisfy the judgment." (ECF 151, 3:6-3:8) In connection with this proposal of June 19, 2018, Shah represented to the Court that "Mr. Shah has provided the Trustee with a chart of his real property holdings, including the value of the real property, the value of all liens on the property, and the remaining equity in the property." (*Id.* , 3:13-3:15) The "chart of [Shah's] real estate holdings" presented showed the "Six Properties" as being wholly owned and controlled by Shah. **2)** On July 16, 2018 Shah filed pleadings in this Court for a TRO pending hearing of Shah's Motion to Stay Judgment Enforcement and Waive Supersedeas Bond. The papers were replete with representations that the Six Properties were Shah's and were available to satisfy the Judgment against Shah. These representations included:

> I. The Application (ECF 153) referencing the declaration of Doug Spletter refers to the properties as "Mr. Shah's properties" and concludes "Mr. Shah qualifies for a waiver of that bond as he possesses sufficient assets, as demonstrated in the concurrently filed declaration of his personal tax and estate lawyer, such that there is no doubt that he will be able to satisfy the judgment should the Ninth Circuit affirm it."
>
> ii.. The declaration of Mr. Spletter (ECF 156) states that he " helped them [Mr. an Mrs. Shah] establish limited liability companies ("LLCs") and then transfer ownership of their properties into the LLCs" and "created two trusts, one for each of the Shahs' children, Smita and Jay." The declaration goes on to say that "[t]he Shahs, through LLCS that they control own the following six parcels." The six parcels listed are in the names of the Alter-Ego LLCs sought to be added as to the Judgment by the present motion. The declaration concludes: "the Shahs' properties retain approximately $31,775,501 in equity, which is more than enough to satisfy the judgment in the instant case of $11,648,785

**3)** The TRO was granted and was extended to October 16, 2018 when Shah filed a "Supplemental Brief" (ECF 173) and a declaration (ECF 175) proposing to sell "two of my [Shah's] properties, the Sundowner Inn . . . County Inn" for $46 million and "to place the proceeds from that sale into an escrow account

in an amount sufficient to ensure the trustee's security in the judgment in this case."  The TRO was extended to November 6, 2018.  **4)** Shah filed another "Supplemental Brief in Advance of Hearing on MOTION for Stay" (Doc. 178) which offered three more proposals as substitutes for the standard supersedeas bond – each of which proposals again required Shah to own and control the "Six Properties."

    a. The first proposal relied on the Declaration of Douglas Spletter (Doc. 156) which represented that "[t]he Shahs, through LLCS that they control own the following six parcels" and concluded that "the Shahs' properties retain approximately $31,775,501 in equity, which is more than enough to satisfy the judgment in the instant case of $11,648,785."

    b. The second proposal was that "Mr. Shah would agree to place into escrow deeds to properties of his that have sufficient equity to satisfy the judgment" – again representing to the Court that Shah had the ownership and control of the properties to deed them to third parties.

    c. The third proposal was that"Mr. Shah would agree to execute grant deeds in favor of the trustee transferring legal title of Mr. Shah's properties to the trustee" with a delayed recording of the deeds. – again representing to the Court that Shah had the ownership and control of the properties to deed them to third parties.

Shah's position now, in trying to oppose the Motion to Amend, is totally inconsistent with the position taken in 2018.  Shah claims that the Six LLCs owning the Six Properties are independent "Non Debtor Third Parties" which he does not control.  Shah claims that the Six Properties cannot be reached for collection of the Judgment without further judicial proceedings against the LLCs; and, that the "extensive and granular evidence required to support such an extraordinary remedy" would have to be presented before making them liable to pay the Judgment.  Shah should be judicially estopped from prevailing on this position now, in order to maintain the integrity of this Court.

**CONCLUSION**

The Trustee's Motion to Amend should be granted, as to Kamal Holdings LLC immediately, and as to the other five of the Six LLCs without further proceedings.  If the Motion is not granted as to any LLC, the Court should order the production of all of the documents sought from the LLCs on which counsel stonewalled discovery, and should issue the OEX for Shah, and, once this additional discovery is complete, the Court should hold an evidentiary hearing on the reverse veil piercing issue and determine which LLCs should be added as additional judgment debtors.

REPLY TO OPPOSITION OF SHAHS AND LLCS　　　　　　　　　　　*In re San Jose Airport Hotel*, No. 09-51045-SLJ
TO MOTION TO AMEND JUDGMENT　　　　　　　　　　　　　　　　*Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ
-13-

Case: 11-05236　　Doc# 260　　Filed: 08/25/20　　Entered: 08/25/20 18:55:03　　Page 17 of 19

DATED: August 25, 2020                    HENNEFER, FINLEY & WOOD, LLP

                                          By:  /s/ James A. Hennefer
                                               James A. Hennefer

                                          Special Counsel for Mohamed Poonja,
                                          Chapter 7 Trustee for San Jose Airport
                                          Hotel, LLC, dba Holiday Inn San Jose, and
                                          Mobedshahi Hotel Group

REPLY TO OPPOSITION OF SHAHS AND LLCS                *In re San Jose Airport Hotel*, No. 09-51045-SLJ
TO MOTION TO AMEND JUDGMENT                          *Poonja v. Sevak* Ad.Pro. 11-05236 - SLJ

Case: 11-05236    Doc# 260    Filed: 08/25/20    Entered: 08/25/20 18:55:03    Page 18 of 19

-14-

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. A certificate of service for mailing as to all participants in the case who are not registered CM/ECF users will be filed with the Clerk of the Court

/s/Vasilis Kontaxakis