

The following constitutes the order of the Court.
Signed: September 10, 2020

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SAN JOSE AIRPORT HOTEL, LLC. dba HOLIDAY INN SAN JOSE, MOBEDSHAHI HOTEL GROUP,<br><br>Debtor. | Case No. 09-51045 SLJ<br>Chapter 7 |
| MOHAMED POONJA, Chapter 7 Trustee for SAN JOSE AIRPORT HOTEL, LLC dba HOLIDAY INN SAN JOSE, Debtor,<br><br>Plaintiff,<br><br>v.<br><br>CHANDRAKANT SHAH,<br><br>Defendant. | Adv. Proc. No. 11-05236 |

## ORDER ON MOTION TO AMEND JUDGMENT
## TO ADD ALTER EGOS OF JUDGMENT DEBTOR

Plaintiff-Trustee Mohamed Poonja renews his motion to amend the judgment he previously obtained against Defendant Chandrakant Shah to include his wife Mrudula Shah,

as well as six LLCs which Plaintiff alleges are the alter ego of Defendant. ECF 226. I previously denied the motion, reasoning I was divested of jurisdiction by Defendant's then-pending appeal of the judgment to the Ninth Circuit. Both Shah and the LLCs filed untimely oppositions. ECF 243–45, 249–51, 255. They argue mainly that the LLCs are not alter egos because most of them have independent functioning businesses, the transfers of property to the LLCs alleged by Plaintiff were not fraudulent, and Trustee still has viable legal remedies in fraudulent transfer actions that he should pursue before reaching for the extraordinary remedy of alter ego liability.

I find I cannot decide this motion without an evidentiary hearing. In this order I resolve objections to my jurisdiction to hear the motion and dispose of certain issues within it that I can resolve on the papers alone. I also set out the remaining issues to be decided, and continue the hearing on this motion for October 22, 2020 at 2:30 p.m. The parties are expected to appear at that hearing ready to discuss whether, in light of the COVID-19 emergency, an in-person evidentiary hearing is necessary, and what discovery is needed to present a complete record for decision.

## I. LEGAL STANDARD

Civil Rule 69(a),[1] applicable in bankruptcy proceedings under Bankruptcy Rule 7069, permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits, so California law applies. California Code of Civil Procedure § 187 provides: "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR

spirit of this code." California cases have found this provision includes the authority to amend a judgment to add an alter ego of an original judgment debtor, thereby making the additional judgment debtor liable on the judgment. *Highland Springs Conference & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 280 (2016). Federal courts agree. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998). A motion to add "a judgment debtor d[oes] not go to the merits of the case." *Id.* (citing *White v. New Hampshire Dept. of Empl. Sec.*, 445 U.S. 445, 451 (1982)). To obtain this relief a judgment creditor must show the new judgment debtor is an alter ego of the original judgment debtor, and that the new judgment debtor was "virtually represented" in the lawsuit giving rise to the judgment. *Danko v. O'Reilly*, 232 Cal. App. 4th 732, 736 (2014) (citing *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 508 (2010)). "In sum, Civil Rule 69(a) authorize[s] the use of California law to collect on their debt . . . ." *In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999).

## II. DISCUSSION

This discussion proceeds in four parts. First, I resolve the LLCs' arguments against my having jurisdiction to decide this motion. Then, I deny Plaintiff's motion to add Mrudula Shah to the judgment. Third, I decline to apply judicial estoppel as Plaintiff requests in his reply to the oppositions. Finally, I set out the issues I must resolve to decide the motion as to the LLCs.

### A. I Have Jurisdiction Over this Motion

The LLCs argue in their opposition that I lack jurisdiction to decide it, either because the motion should be brought as a separate AP because Plaintiff's motion purportedly relies on fraudulent transfer arguments, or because those fraudulent transfer arguments make this a non-core proceeding which I cannot enter a final judgment in. I disagree.

This motion is not a fraudulent conveyance action. Rather, it is a post-judgment collection proceeding governed by Civil Rule 69 and Bankruptcy Rule 7069. The Ninth Circuit has made clear that California law, which I may apply by operation of those Rules, allows me to add a judgment debtor's alter egos to the judgment. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998). The success or failure of such a

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR

motion depends on Plaintiff's ability to show the LLCs are the alter ego of Shah. Given the legal standards presented above, that question does not depend on my finding the transfers discussed by Plaintiff fraudulent. Plaintiff has already obtained his judgment; the question now is who the proper judgment debtors are. A separate AP is not needed for that issue.

The Ninth Circuit also confirmed that such proceedings do not go to the merits of the case. *Id.* (citation omitted). This resolves the LLCs' non-core proceeding argument since, as the LLCs note, even assuming this AP were a non-core matter I would still be empowered to resolve motions that do not require findings of fact on the merits of the AP. ECF 255, p. 7 n.1 (citing *In re Healthcentral.com*, 503 F.3d 775 (9th Cir. 2007)).

If I find the LLCs are alter egos of Shah, there is no jurisdictional problem because amending the judgment would only show that Shah and the LLCs are not separate entities. I am empowered to do so under Civil Rule 69 and Bankruptcy Rule 7069. Any argument that I did not have jurisdiction to decide this AP in the first instance is foreclosed by my order following trial that this AP was a core proceeding, ECF 82, p. 12, and the District Court and Ninth Circuit decisions affirming the judgment.

B. Mrudula Shah is Not an Alter Ego of Shah

Plaintiff argues I should add Mrudula Shah to the judgment, pointing to California Family Code § 910 and the alter ego doctrine. California Family Code § 910(a) provides that, absent a statutory exception, "the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse" manages and controls the property or which spouse is party to a given debt or judgment.

I decline to add Mrudula Shah to the judgment. The Court of Appeal in *Oyakawa v. Gillett*, 8 Cal. App. 4th 628 (1992), denied a similar request. In *Oyakawa*, a judgment creditor sought to amend a judgment to include the wife of the original judgment debtor because Arizona law required that both spouses be named as judgment debtors for execution to be proper against community property. But "no claim was made against the [wife] personally and the [wife] did not participate in the defense of the action or have any duty to appear and personally defend in that action . . . ." *Id.* at 632. Where there was no allegation the wife "was

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR

involved with and controlled the litigation . . . considerations of due process preclude[d] the addition of" the wife. *Id.* (citation omitted). Plaintiff named Mrudula Shah in the original complaint but, after I granted Defendants' motion to dismiss, Plaintiff chose not to pursue claims against Mrudula Shah in the amended complaint. After she was dismissed, Mrudula Shah did not participate in this AP, nor did she have a duty to appear and personally defend herself. Moreover, nothing in Plaintiff's papers allows me to conclude Mrudula Shah controlled Shah in this litigation.

"Where both spouses are named in litigation, and where one spouse is included solely in the capacity as a community representative, that spouse has no personal liability . . . ." *Reynolds and Reynolds Co. v. Univ. Forms, Labels & Sys., Inc.*, 965 F. Supp. 1392, 1397 (C.D. Cal. 1997). Here, Plaintiff declined to pursue its claims against Mrudula Shah personally, but now seeks to add her as a judgment debtor and in that way collect against both her separate and community property. California Family Code § 910 already authorizes Plaintiff to collect from her community property, so adding her as a judgment debtor seems only to implicate her separate property. Finally, I note Plaintiff does not explain why the alter ego doctrine, which deals with situations where the corporate form should be disregarded, should extend to ignoring the separate personhood of a spouse. I find Plaintiff's request foreclosed by *Oyakawa* and deny it.

C. <u>I Decline to Apply Judicial Estoppel</u>

For the first time in his reply, Plaintiff argues the doctrine of judicial estoppel precludes Shah from arguing the LLCs are not his alter ego, as he previously stated the Properties held in the LLCs were controlled by him. "The elements of judicial estoppel are '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' Even if the necessary elements of judicial estoppel are satisfied, the trial court still

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR

has discretion to not apply the doctrine." *Owens v. County of L.A.*, 220 Cal. App. 4th 107, 121 (2013) (citations omitted).

I will exercise my discretion and decline to apply judicial estoppel. Plaintiff only raised this argument in his reply, which is a sufficient basis to deny the request. Moreover, the instances Plaintiff cites where Shah represented that he owned and controlled the Properties occurred prior to the creation of the LLCs. ECF 260, p. 15–17. Even if I applied judicial estoppel to those statements, they do not show the LLCs are Shah's alter egos. Plaintiff's request for judicial estoppel is denied.

### D. I Cannot Determine Whether the LLCs are Alter Egos of Shah Without an Evidentiary Hearing

Plaintiff next argues the LLCs should be added to the judgment as alter egos of Shah. Plaintiff's basic contention is that, throughout 2017 while this AP was on appeal, Shah formed the LLCs for the sole purpose of transferring the Properties so as to frustrate creditors, including Plaintiff. Shah and the LLCs argue the transfers were purely for tax and estate planning purposes, and that, other than Kamal Holdings, the LLCs are independent businesses, which precludes a finding that they are Shah's alter egos.

The evidence and arguments presented in the papers attending this motion show there are genuine disputes of material fact that cannot be resolved without an evidentiary hearing. Accordingly, I will set this motion for a continued hearing on October 22, 2020 at 2:30 p.m. Below I explain the standards the parties will argue under at the evidentiary hearing, and the issues I expect the parties to present evidence on.

First, Civil Rule 69 requires Plaintiff show the LLCs are the alter egos of Shah. "There are two requirements for disregarding the corporate entity: first, that there is a sufficient unity of interest and ownership between the corporation and the individual or organization controlling it that the separate personalities of the individual and the corporation no longer exist and, second, that treating the acts as those of the corporation alone will sanction a fraud, promote injustice, or cause an inequitable result." *Misik v. D'Arco*, 197 Cal. App. 4th 1065, 1072 (2011) (citing *Webber v. Inland Empire Invs., Inc.*, 74 Cal. App. 4th

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR

884, 900 (1999)). Factors courts consider in determining unity of interest and ownership between the corporation and the individual include "one individual's ownership of all stock in a corporation; use of the same office or business location; commingling of funds and other assets of the individual and the corporation; an individual holding out that he is personally liable for debts of the corporation; identical directors and officers; failure to maintain minutes or adequate corporate records; disregard of corporate formalities; absence of corporate assets and inadequate capitalization; and the use of a corporation as a mere shell, instrumentality or conduit for the business of an individual." *Misik*, 197 Cal. App. 4th at 1073 (citation omitted).

The primary obstacle for me deciding this motion on the papers alone is that the evidence presented on the unity of interest between Shah and the LLCs shows some of the factors favor Plaintiff, while others favor Shah and the LLCs. In addition, some of the factors are invoked by the parties, but not adequately discussed. These include the extent to which the LLCs are either independent functioning businesses or mere instrumentalities of Shah, the extent of commingling of assets between Shah and the LLCs, and the extent of the LLCs' capitalization. The parties should be prepared to present evidence on these points at the evidentiary hearing. The parties should also be prepared to explain likely results to Plaintiff if I do not grant the motion, and whether such results would be inequitable, unjust, or tantamount to sanctioning a fraud.

Plaintiff also seeks to apply the doctrine of outside reverse veil piercing—that is, Plaintiff is a third-party creditor seeking to target the assets of a business entity owned or controlled by an individual judgment debtor. *See Curci Invs., LLC v. Baldwin*, 14 Cal. App. 5th 214, 223 (2017) ("Reverse veil piercing is a means of reaching the LLC's assets, not the debtor's transferable interest in the LLC."). In *Curci*, the California Court of Appeal held that reverse veil piercing "may be available" to pursue the assets of an LLC controlled by an individual debtor, subject to "the same factors as are employed in a traditional veil piercing case, as well as whether [the creditor] has any plain, speedy, and adequate remedy at law." *Id.* at 224 (citation omitted).

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR

Whether outside reverse veil piercing is available to Plaintiff here depends on the availability of any other "plain speedy, and adequate remedy at law." The parties appear to agree that Plaintiff has a potential alternative remedy in filing fraudulent transfer actions to unravel the numerous transfers of the Properties that have occurred over the years. But *Curci* requires more than the existence of an alternate remedy; such a remedy must also be plain, speedy, and adequate, which I take to mean actual, rather than speculative. The parties disagree whether those fraudulent conveyance actions meet that criteria. At the evidentiary hearing, I expect the parties to explain whether, and why, the fraudulent conveyance remedy is enough to preclude outside reverse veil piercing under *Curci*.

The second requirement for amending a judgment under Civil Rule 69(a) is that the LLCs were virtually represented in this AP. This determination will hinge on whether I find the LLCs to be alter egos, as the parties conceded at oral argument. If I do, then it would be difficult to explain how entities created post-judgment that are essentially Shah himself were not virtually represented by Shah. The parties should be prepared to discuss whether, and why, an alter ego entity is not represented to the same extent as the individual it was created by and for.

### III. CONCLUSION

Plaintiff's motion is DENIED to the extent it requests Mrudula Shah be added to the judgment as Shah's alter ego. All other requested relief requires an evidentiary hearing. A continued hearing on this motion is hereby scheduled for **October 22, 2020** at **2:30 p.m.** The parties should be prepared to discuss whether an in-person evidentiary hearing is necessary for this motion, when the parties would be prepared to conduct such a hearing, and what discovery the parties need to present a complete record for decision.

IT IS SO ORDERED.

**END OF ORDER**

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR

**COURT SERVICE LIST**

[ECF recipients only]

ORDER ON MOTION TO AMEND JUDGMENT
TO ADD ALTER-EGOS OF JUDGMENT DEBTOR